**Daniel Snyder, OSB No. 783856**
danielsnyder@civilrightsoregon.com
**Paul Bastian, OSB No. 062706**
paulbastian@civilrightsoregon.com
**SNYDER, POST AND BURGESS**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| EVERARDO SOTO ROJAS<br><br>Plaintiff,<br><br>v.<br><br>HIGHLINE-WARREN, LLC, a Delaware Corporation,<br><br>Defendant. | Case No. 6:26-cv-00123<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of his statutory rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, as well as supplementary state claims. Plaintiff seeks equitable relief as well as compensatory damages, attorneys' fees, and costs.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions as they arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

a. On October 24, 2024, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI). BOLI CRD assigned case number EEEMNO241024-11195 for Oregon Unlawful Employment Practices.

b. On December 20, 2024, BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2025-00067, for violation of Title VII of the Civil Rights Act.

c. On October 23, 2025, BOLI CRD issued Plaintiff a notice of suit rights letter for case number EEEMNO241024-11195

d. On November 13, 2025, the EEOC issued a Notice of Suit Rights letter for case number 38D-2025-00067.

5. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## PARTIES

6. Plaintiff Everardo Soto Rojas (hereafter Plaintiff) is a citizen of the United States. At all times material, Plaintiff lived in Marion County and worked for Defendant in Linn County, Oregon.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

7. Defendant Highline Warren LLC (the Defendant) is a Delaware corporation registered to conduct business in Oregon. Defendant conducts regular and sustained business in Oregon, including Linn County, Oregon.

8. At all times relevant, the Defendant's employees and supervisors, as alleged herein, were acting within the course and scope of their employment with the Defendant. Those are former General Manager Roger Walker, former Production Supervisor James Slaughter, former Plant Supervisor Kyle B. Hamar, Human Resources Manager for Manufacturing Laura Ambrose, Human Resources Director Jenny Anderson, Director of Manufacturing Scott Anderson, Plant Manager Jakeb Black, and Package Manager Robert Gilmer.

## **GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff is of both Latino and African American descent. Plaintiff was born in Mexico.

10. On October 7, 2019, Plaintiff began working at Camco Manufacturing Incorporated in Albany, Oregon. Plaintiff was assigned to work at Camco through the Elwood Staffing Employment Agency. Plaintiff's working job title was Mixing Supervisor. That meant he was in charge of windshield wipers and antifreeze, making the mixture correct. Four other employees reported to Plaintiff.

11. On or about November 11, 2019, Highline Aftermarket acquired the Camco Liquids Division, thereby expanding its manufacturing capabilities for automotive and RV fluids, including windshield wash and antifreeze. At the time, Highline Aftermarket was a portfolio company of The Sterling Group.

12. On January 6, 2020, Defendant sent an offer letter for full-time employment to Plaintiff. In the offer letter, the Plaintiff's job title was listed as Production Worker. Highline



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Aftermarket added the job of Production Supervisor to the Plaintiff's responsibilities, in addition to Mixing Supervisor, without increasing his wages.

13. On or about November 10, 2020, Highline Aftermarket combined with Warren Distribution, becoming known as Highline Warren LLC. Defendant assigned Plaintiff additional responsibilities and directed him to solve problems on the production line, but his job title remained the same.

14. Defendant provided Plaintiff with his first annual performance review covering the period January 1, 2020, through December 31, 2020. Defendant's overall rating of Plaintiff was "exceeds expectations." General Manager Roger Walker noted in the review that, "Currently in charge of supervising the packaging line. Excellent at applying short-term fixes as needed to minimize downtime."

15. Plaintiff became the plant's subject matter expert on the 5S safety method. Plaintiff implemented the 5S methods for the plant. Plaintiff took 5S training modules, read OSHA recommendations and standards, and watched YouTube videos online to learn and do the 5S maintenance job professionally. Defendant did not compensate Plaintiff for performing the 5S work outside of regular hours. On Thursday, September 9, 2021, the Plaintiff asked Kyle Hamar for payment for all the jobs he was performing, including taking training hours off the clock and reading.

16. Defendant provided Plaintiff with a second annual performance review for the period from January 1, 2021, through December 31, 2021. For each category, Plaintiff received a rating of "meets expectations" or "exceeds expectations" with an overall rating of "meets expectations."

17. On or about April 2, 2023, Thomas Huntington, a white employee, was promoted from blow molding operator to Blow Molding Supervisor. Thomas Huntington's salary was



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

increased to approximately $30.00 per hour. Another white employee, Ashley Leedham, who failed to meet the inventory specialist job expectations for EHS technicians, was rewarded with a pay increase from about $18.00 per hour to about $23.00 per hour without consideration of qualifications or compliance with job descriptions.

18. On Monday, April 3, 2023, Plaintiff emailed Mr. Hamar, writing, "I have seen some employees spend their time in their office playing Candy Crush or similar games and still getting bigger raises than I received."

19. On April 3, 2023, Kyle Hamar emailed Plaintiff. Mr. Hamar wrote, "I know you are busy today, but when you have free time, let's talk." At that time, a vacant production supervisor position was available. Plaintiff believed he had demonstrated his qualifications and met the job descriptions for the production supervisor position.

20. On August 17, 2023, Plaintiff's wages increased from $23 to $28 per hour. Other employees of Defendant with similar responsibilities were earning significantly more per hour.

21. Defendant referred to Plaintiff as a supervisor, assigned him supervisory responsibilities in multiple areas, stated that he was being trained to be a supervisor, but paid him an hourly rate rather than a salary. Plaintiff told General Manager Roger Walker that the compensation he was receiving was not commensurate with his work duties and responsibilities.

22. On January 15, 2024, Plaintiff reported workplace discrimination to management and Human Resources. On January 15, 2024, Plaintiff emailed Sabrina Fein, Jenny Anderson, Jakeb Black, Francois Longin, and Steve Montgomery. In his email, Plaintiff described his concerns about discrimination in the workplace culture.

23. On March 9, 2024, Plaintiff received his third annual performance review. That review was for the calendar year 2023. Under "Adherence to Policy and Procedures, "the reviewer wrote that Plaintiff "follows company policies and procedures."



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

24. The Plant Manager, Kyle Hamar, was frequently absent. Roger Walker learned that Plaintiff had stepped up to fill the void left by Mr. Hamar's absence. Plaintiff ensured that all production was completed. Plaintiff received written recognition in emails and letters from other employees of Defendant, who positively acknowledged his leadership and hard work. Plaintiff asked for compensation to cover his extraordinary efforts to run the plant when Mr. Hamar was absent.

25. On April 29, 2024, Plaintiff emailed Defendant's Packaging Manager, Robert Gilmer, regarding the pay inequity.

26. On August 2, 2024, Defendant retaliated against Plaintiff for reporting discrimination. Defendant suspended Plaintiff from work. Defendant accused Plaintiff of violating the company's Acceptable Use Policy regarding the use of personal electronic devices, which was a pretext.

27. On August 4, 2024, the Plaintiff emailed Laura Ambrose, a Human Resources employee, stating that he was being retaliated against for reporting discrimination. Plaintiff wrote that he had never been informed about Defendant's Acceptable Use Policy before August 2, 2024.

28. Defendant provided most supervisors with notebook computers, enabling them to perform tasks in the plant. Defendant did not issue a notebook computer, tablet, or mobile telephone to Plaintiff.

29. There was a company computer at the hub, but it was also used to operate the equipment that filled the bottles, so it was almost always in use. It would not be available for managers and supervisors to access email and data. The managers and supervisors, including Plaintiff, needed a second computer at their desks. Management was aware that Plaintiff brought his own computer to work.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

30. Plaintiff used one of his electronic devices to train on the 5S work and to perform supervisory duties for Defendant. Plaintiff was not informed that there was a policy against using personal electronic devices to perform work for Defendant. If there was a policy against supervisors using personal electronic devices at work, Defendant only enforced that policy against Plaintiff.

31. On August 9, 2024, at 9:00 a.m., Plaintiff was called to a meeting with Jakeb Black, Robert Gilmer, and Laura Ambrose. Jakeb Black directed Plaintiff to sign a consent form to have his personal computer searched. Mr. Black did not show the policy to Plaintiff or ask him to read a copy before making his decision. Mr. Black told Plaintiff that it would be "great" and "fine, either way," whether Plaintiff signed the consent to search form or not. Based on Mr. Black's statement, Plaintiff declined to sign the form. Mr. Black then immediately terminated Plaintiff for allegedly violating company policy. Specifically, Mr. Black stated that Plaintiff was being terminated for insubordination and failing to cooperate with an investigation.

## FIRST CLAIM FOR RELIEF

### (Title VII Civil Rights Act of 1964, 42 U.S.C. §2000e-2)

### Count I – Race Discrimination

32. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

33. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

34. Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's race.

35. Defendant had no business necessity in firing Plaintiff because of his race.

36. Plaintiff is entitled to equitable relief and damages as set forth below.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Count II – National Origin Discrimination**

37. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

38. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

39. Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's national origin, to wit Mexico.

40. Defendant had no business necessity in firing Plaintiff because of his national origin.

41. Plaintiff is entitled to equitable relief and damages as set forth below.

**Count III – Race Retaliation**

42. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

43. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

44. Defendant retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed unlawful race discrimination.

45. Plaintiff is entitled to equitable relief and damages as set forth below.

**Count IV – National Origin Retaliation**

46. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

47. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

48. Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed discrimination based on his national origin.

49. Plaintiff is entitled to equitable relief and damages as set forth below.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Unlawful Employment Practice – ORS 659A.030(1)(b))**

**Count I – Race Discrimination**

50. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

51. In violation of ORS 659A.030(1)(b), Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's race.

52. Plaintiff is entitled to equitable relief and damages as set forth below.

**Count II – National Origin Discrimination**

53. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

54. In violation of ORS 659A.030(1)(b), Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's national origin.

55. Plaintiff is entitled to equitable relief and damages as set forth below.

**Count III – Race Retaliation**

56. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

57. In violation of ORS 659A.030(1)(f), Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed Defendant's race discrimination against Plaintiff.

58. Plaintiff is entitled to equitable relief and damages as set forth below.

**Count IV – National Origin Retaliation**

59. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

60. In violation of ORS 659A.030(1)(f), Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed Defendant's national origin discrimination against Plaintiff.

61. Plaintiff is entitled to equitable relief and damages as set forth below.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(ORS Chapter 659A.199 – Whistleblower)**

62. Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

63. Plaintiff reported to Defendant conduct that he believed it was evidence of a violation of state or federal law, rule, or regulation.

64. Defendant discriminated and retaliated against Plaintiff because of the report he made. Defendant's actions violated ORS 659A.199, are unlawful employment practices, and caused Plaintiff economic and noneconomic damages.

65. Plaintiff is entitled to equitable relief and damages as set forth below.

**DAMAGES FOR CLAIMS ONE THROUGH THREE**

66. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

67. Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Plaintiff should be awarded past economic damages in an amount determined to be fair by a jury to compensate Plaintiff for lost employment opportunities, including but not limited to, promotions and raises. Plaintiff's economic damages are continuing in nature and are not presently known.

68. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

69. Plaintiff is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

70. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

71. Plaintiff is entitled to post-judgment interest on all damages, costs and attorneys' fees from the date of judgment until the date paid.

72. Pursuant to 42 U.S.C. § 2000e-5, ORS 659A.885 and ORS 20.107, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

73. Plaintiff also seeks an award for such additional relief as justice may require.

**FOURTH CLAIM FOR RELIEF**

**(ORS Chapter 652.140 – State wage and hour claim)**

74. Plaintiff realleges all relevant paragraphs above as though fully restated herein.

75. Pursuant to ORS 652.140, Defendant was required to pay Plaintiff all wages owed by the end of the next business day after terminating his employment.

76. Defendant was required to pay Plaintiff for unpaid wages in the approximate amount of $45,000.00.

77. These wages were due and owing at the time of Plaintiff's termination.

78. Defendant's failure to make payment of Plaintiff's wages when due, was willful and said failure continued for a period of thirty (30) days after Plaintiff's wages were due and payable.

79. Defendant failed to pay Plaintiff all wages due upon termination of his employment for the time alleged above.

80. On January 19, 2026, Plaintiff, through his attorney, made written demand and notice that Plaintiff was owed his unpaid wages plus all additional compensation owed. Plaintiff provided sufficient information for Defendant to calculate the wages owed.

81. Pursuant to ORS 652.150, Plaintiff is entitled to a civil penalty of $6,720.00.

82. Defendant continues to owe Plaintiff unpaid wages plus the remaining statutory penalty of $6,720.00.

83. Plaintiff is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to ORS 652.200(2) and ORS 653.055.



**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

84. Pursuant to ORS 82.010, Plaintiff is entitled to an award of nine percent prejudgment interest from the date the damage occurred until the date of judgment.

85. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

1. A sum which will fully compensate Plaintiff for his non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for his economic damages in a sum that is just as determined by a jury;

3. Back due wages;

4. Penalty wages;

5. Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

6. Plaintiff's costs and disbursements incurred herein;

7. Plaintiff's attorneys' fees; and

8. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: January 20, 2026

**Snyder, Post and Burgess**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
danielsnyder@civilrightsoregon.com
Paul Bastian, OSB No. 062706
paulbastian@civilrightsoregon.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff